UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ADVANCED EXPORTS, LLC : CIVIL ACTION NO.
:
v. :
:
SEABROOK WALLCOVERINGS, INC. : 18-830

O P I N I O N

JACOB P. HART DATE: 8/16/2018
UNITED STATES MAGISTRATE JUDGE

Advanced Exports, LLC ("AEL"), has brought this case against Seabrook Wallcoverings, Inc. ("Seabrook"), alleging that it wrongfully terminated an exclusive distributorship whereby AEL sold Seabrook products in a territory comprising Russia, the Ukraine, and other former Soviet states. AEL has now filed a motion seeking an order compelling discovery, under Fed. Rules of Civ. Pr. 26 and 37, and Local Civil Rule 26.1, with respect to two sets of document requests. As discussed below, its motion will be granted in part and denied in part.

I.  The Form of Seabrook's Responses

A.  Federal Rule of Civil Procedure 34(b)(2)

Federal Rule of Civil Procedure 34 pertains to requests for production of documents, such as those at issue here. Section (b)(2) is entitled "Responses and Objections." Subsection 34(b)(2)(B) reads, in relevant part:

> *Responding to Each Item*. For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons.

The next subsection, Rule 34(b)(2)(C) is entitled "Objections." It states: "An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest."

AEL is correct in stating that Seabrook's responses to its first set of Document Requests do not comply with this rule. In response to every single discovery request, Seabrook wrote: "Defendant objects to this request *to the extent that …*" followed by an objection, or a list of objections. In most cases, Seabrook would continue: "Subject to that objection and without waiver thereof, Defendant will produce all relevant, non-confidential material," and the like. This is unacceptable.

Objections qualified by the noncommittal "to the extent that" language leave AEL, and now this Court, without any idea whether documents were withheld. Rule 34(b)(2)(B) provides that a party seeking discovery, such as AEL, is entitled to know that. An agreement to produce "all [non-objectionable] material" is unacceptable for the same reason. Seabrook will be directed to provide AEL with written responses to its discovery requests that comply with Rule 34, describing in a specific objection any material withheld, and the basis for its withholding, as described in Rule 34(b)(2)(C). Promises to produce material should not be necessary, now that the discovery deadline has passed. Seabrook should simply provide the material along with its discovery responses.

B.  AEL's Second Set of Document Requests

Seabrook has never provided written and verified responses to AEL's Second Set of Document Requests. Rather, counsel stated in an e-mail: "We believe that the requests included within your second request for production are covered by the first request and thus, our production and our objections to the first request will fully address the second request." J. Widman e-mail of July 20, 2018, attached as Exhibit E to AEL's Motion.

Clearly, this form of response is inadequate under Fed. R. Civ. Pr. 34. Seabrook will be directed to provide AEL with written responses to its second set of document requests, and – here again – it must describe in a specific objection any material withheld, and the basis for its withholding.

II.  Substantive Areas of Dispute

A.  Document Request No. 9

In Document Request No. 9, AEL requested: "All documents reflecting Seabrook's product sales in the Territory since September 21, 2017." That is the date of AEL's termination as a Seabrook distributor. Seabrook replied that it would produce "all relevant, non-confidential information" responsive to the request. In the present motion, however, AEL states that Seabrook has yet to provide any responsive material. Seabrook has made no specific mention of this argument in its three-page response.

I will direct Seabrook to respond to this Request, although in a limited form. Seabrook shall provide AEL with a compilation of financial information – possibly in the form of balance sheets prepared for this purpose – showing the amount of its sales in the relevant territory since September 21, 2017.[1]

---

[1] AEL's Request No. 11 asks for "Documents reflecting Seabrook's financial condition and performance as it concerns the company's sale of products in or for the Territory, including, without limitation, balance sheets, profit and loss statements and statements of cash flow." Aside from noting that Seabrook stated that it would not provide any material responsive to Request No. 11, AEL has made no argument regarding this request. Nevertheless, whether it is construed as responding to Document Request No. 9 or 11, I will direct Seabrook to provide the financial information identified above.

B.	Document Request No. 10

Document Request No. 10 asks for: "Documents reflecting the terms and conditions of Seabrook's business relationship and/or agreements with the person(s) or entity/(ies) that have distributed Seabrook's products in the Exclusive Territory at any point since September 21, 2017."

AEL's Motion will be denied in this respect. It has not demonstrated that such material would lead to the discovery of evidence admissible on any point it seeks to prove at trial.

C.	Requests 2 through 5

AEL's Document Requests 2-5 ask for various forms of communications which "reference, relate, or refer to any of the following: Advanced Exports, Vladimir Shrayber [an AEL principal], Tatyana Romanova [an AEL principal], New Line 2000 [not identified – possibly a sales outlet for AEL], Textiles to the World [Seabrook's prior distributor], Kseniya Shtanko [associated with New Line 2000], Moscow, Russia, Kiev, Ukraine."

Seabrook has refused to provide documents relating or referencing Moscow, Russia, Kiev or Ukraine, unless they also reference one of the previously-named persons or entities. AEL argues that such material "would necessarily reflect on Seabrook's relationship with (and test the falsity of representations made to) AEL." However, it has not explained why this would be so.

Although Seabrook has not made any specific argument with respect to these Requests in its response to AEL's motion, the motion will be denied in this respect. AEL has not demonstrated that material naming Moscow, Russia, Kiev or Ukraine, but not the Plaintiff or any associated individual or entity, would lead to the discovery of admissible evidence.

D.     Requests 6, 7 and 15

Request No. 6 ask for: "All communications (including, without limitation, email, hard-copy and instant/test messages) between Seabrook and any persons or entitles regarding the potential or actual distribution of Seabrook's products in the Territory." Request No. 7 seeks: "All documents that reference, relate or refer to the potential or actual distribution of Seabrook's products in the Territory by any persons or entitles other than Advanced Exports, Vladimir Shrayber, or Tanya Romanova." Request No. 15 seeks: "Communications between Seabrook and Décor Deluxe relating in any manner to the sale of any products in the Territory."

AEL complains that Seabrook has not produced any material responsive to these requests except for communications with AEL itself. It argues that it requires Seabrook's communications with other distributors to demonstrate that Seabrook consistently described AEL as its exclusive distributor, before its termination. It also argues that communications with the new distributor – which I understand to be Décor Deluxe – would show that Seabrook did not use good faith in providing notice to AEL of its termination.

Again, Seabrook has made no specific response to this argument. I will direct Seabrook to produce to AEL all communications with third parties in which it mentions AEL. To the extent that this material has already been provided in response to any other discovery request, Seabrook shall identify the material and the request in response to which it was provided. I will also direct Seabrook to provide AEL with the communications in which it created or established a distributorship relationship with Décor Deluxe. Since AEL is principally interested in the timing, details of the relationship may be redacted, as long as the date of the communication remains, as well as sufficient text to give some idea of the nature of the communication. AEL's motion in this regard will otherwise be denied.

E.  Request No. 5

AEL's fifth request seeks: "All meeting minutes, presentations, memoranda, summaries, reports and slides that reference, relate or refer to any of the following: Advanced Exports, Vladimir Shrayber, Tatyana Romanova, New Line 2000, Textiles to the World, Kseniya Shtanko, Moscow, Russia, Kiev, Ukraine."

AEL complains that Seabrook has not provided any internal communications responsive to this Request. It argues that there must have been some internal discussion of its termination, and points out that Seabrook actually referred to AEL's account being a "point of interest" for Seabrook's "board of directors." Letter of September 21, 2017, attached to AEL's Motion as Exhibit J.

I will direct Seabrook to provide to AEL any material described in Request No. 5 which reflects or pertains to Seabrook's decision to terminate its relationship with AEL. If no such material exists, Seabrook is to state that this is the case in a signed, verified writing.

III.  Conclusion

In accordance with this Opinion, I will on this day enter an Order granting AEL's motion in part, and denying it in part, as described above.

BY THE COURT:

/s/Jacob P. Hart
_____
JACOB P. HART
UNITED STATES MAGISTRATE JUDGE

6